UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL HARDEN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>LANIER WORLDWIDE, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C07-5043-RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY DETERMINATION OF ARBITRABILITY |

This matter comes before the court on Plaintiff's Motion for Summary Determination of Arbitrability (Dkt. 8). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

PROCEDURAL AND FACTUAL HISTORY

In mid-November 2006 Plaintiff entered negotiations for the lease of office equipment from Defendant. On November 17, 2006, Defendant presented Plaintiff with an Order Agreement for the lease of office equipment. The agreement contained the following arbitration provision:

> Upon demand by any party, any controversy or claim arising out of or relating to this Agreement or the breach hereof, including any claim based upon or arising from an alleged tort, shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ... The arbitration hearing and all proceedings in connection therewith shall take place in Atlanta, Georgia..."

Dkt. 9-3 at 7. The agreement also stated that it was not binding on Defendant or effective "until or unless [Defendant] execute[s] this agreement." *Id.* Plaintiff signed the Order Agreement. Dkt. 9-3 at 3.

ORDER
Page - 1

Defendant did not sign the Order Agreement, but proceeded to order the equipment that would be leased to the Plaintiff. Dkt. 16 at 2. Plaintiff later informed Defendant that he did not want the equipment. The timing of this communication is in dispute. *See* Dkt. 16 and Dkt. 18.

On December 16, 2006, Defendant initiated arbitration proceedings against Plaintiff in Atlanta, Georgia alleging that Plaintiff failed to make cash payments required by the agreement. Dkt. 9 at 2. On December 22, 2006, Plaintiff filed a declaratory judgment action in Clark County Superior Court which was subsequently removed to Federal Court pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. 1. On February 5, 2007, Plaintiff filed this motion for summary determination of arbitrability. Dkt. 8.

## MOTION FOR SUMMARY DETERMINATION OF ARBITRABILITY

Plaintiff filed this motion to requesting that the court issue a summary determination that there is no agreement to arbitrate the dispute between Defendant and Plaintiff. Plaintiff asserts that Defendants never signed the agreement containing the arbitration provision and, therefore, no agreement to arbitrate existed. Defendants contend that the arbitration provision should be enforced because it was a valid agreement that bound the parties to resolve this matter in arbitration.

## LEGAL STANDARD

It is proper for a district court to compel arbitration only if a valid arbitration agreement exists and is applicable to the dispute at issue. A party to a valid arbitration agreement may "petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The court has little discretion under section 4 of the Federal Arbitration Act. The court must order the parties to proceed to arbitration in accordance with the terms of their agreement if it requires arbitration. See *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The district court's limited role is to first determine whether a valid arbitration agreement exists. If a valid arbitration agreement exists, the court must also determine whether the agreement is applicable to the dispute at issue. If the agreement exists and applies to the dispute at issue, the court must enforce the agreement. See *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

When the validity of a contract as a whole is challenged, the contract's arbitration agreement should be enforced. *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S.Ct. 1204, 1208 (2006). However, the Supreme Court has distinguished a challenge to the validity of a contract from a challenge to the

existence of a contract and declined to address the latter scenario. *Id.* at 1208, n. 1. A district court is first required to determine whether any agreement exists before compelling arbitration. *See Will-Drill Resources, Inc. v. Sampson Resources, Co.*, 352 F.3d 211, 219 (5th Cir. 2003); *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992).

## DISCUSSION

Plaintiff argues that since Defendant never signed the contract containing the arbitration agreement, a valid arbitration agreement never existed and Plaintiff should not be compelled to arbitrate any dispute. Defendants argue that the absence of a signature does not preclude the formation of a contract. The Parties do not dispute the presence of an arbitration provision in the Order Agreement. The dispute instead centers on whether the agreement was actually entered into. Similar to *Chastain*, this court must "first decide whether or not the non-signing party can nonetheless be bound by the contractual language." *Chastain*, 957 F.2d at 854. To create a genuine issue entitling the Plaintiff to a trial by jury, Plaintiff must first unequivocally deny that the agreement had been made and must also produce some evidence to substantiate the denial. *Id.* If the agreement was entered into, the court must order the parties to proceed to arbitration in accordance with the terms of their agreement. *Dean Witter Reynolds*, 470 U.S. at 218. Therefore, it is incumbent upon the Court to first determine if an agreement existed.

In general, a lease agreement does not have to be signed by all parties in order to be enforceable and valid. RCW 62A.2A-201; Ga. Code Add. § 11-2A-204. A lease agreement may be made in any manner sufficient to show agreement, including conduct by both parties which recognized the existence of a lease agreement. RCW 62A.2A-204; Ga. Code Ann. § 11-2A-204. Defendant's Order Agreement states that it is not binding "until or unless we execute this agreement." Dkt. 9-3 at 7. Plaintiffs argue that, because of this language, both parties were in fact required to sign the agreement before it is binding. In effect, Plaintiff views Defendant's signature as the only means of acceptance under the terms of the

agreement. Because Defendant did not sign the agreement before Plaintiff cancelled it's order, Plaintiff concludes that no agreement was ever formed and the arbitration provision is not applicable.

Rather than stating the agreement is not binding until signed by Defendant, the actual language of the agreement states that it is not binding until "executed" by Defendant. Determining whether or not Defendant executed the agreement requires further discovery. Several issues of fact are unresolved, including: (1) the meaning of the term "execute" in this setting; (2) the sequence of events that took place after Plaintiff signed the agreement; (3) whether Defendant executed the agreement by performance; (4) whether defendant executed the agreement by ordering the equipment.

This motion is premature. Currently, the Court is unable to determine if an arbitration agreement existed. When a party seeks to invalidate an agreement, it is proper for the court to compel arbitration. However, as here, where a party argues that an agreement was never formed, the Court must first determine whether an agreement existed before proceeding.

Therefore, it is hereby **ORDERED** that defendants motion for summary determination of arbitrability (Dkt. 8) is **DENIED** without prejudice. Furthermore, not later than March 28, 2007, the parties should file a proposed discovery plan, limited to the facts relevant to the formation of contract. The parties should also file a schedule for filing an amended motion for summary determination of arbitrability or should notify the court if they will not file an amended motion.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of March, 2007.

                                              /s/ Robert J. Bryan
                                              Robert J. Bryan
                                              United States District Judge